## Slattery v. St. Boniface Catholic Church

*George M. Hess*, for plaintiffs.
*Joseph Orso*, for defendant.

RAUP, *J.*, February 6, 1978—Plaintiff's complaint requests that the court issue a temporary injunction until trial, and permanent thereafter, preventing defendant church from the continuous ringing of the bells in the bell tower adjoining the St. Boniface Church on Washington Boulevard in Williamsport. A hearing on the preliminary injunction request was held this date to determine whether immediate and irreparable harm would be suffered by plaintiff until the full trial on the merits is held on March 21, 1978.

Plaintiff occupies a second floor apartment, the bedroom window of which faces the bell tower at a distance of about 55 feet. Three individuals have this date intervened as plaintiffs. Two are a mother and daughter who reside in a second floor apartment next to plaintiff Marilu Slattery. The location of their apartment is such that they are about 10 or

15 feet further away from the bells than Ms. Slattery. The remaining intervener resides on Franklin Street approximately 300 feet from the bells.

Until sometime in about 1972, the same bells were located in a bell tower in the old St. Boniface Church located on the same tract of land. While the bells were the same, they were located at a significantly higher elevation. Presently the bells are located slightly higher than the second floor apartments of plaintiffs Slattery and Lynch. For several generations, the bells rang in the old church each 15 minutes, 24 hours every day. The church was destroyed by fire in approximately 1972 and the bells were salvaged. After the new St. Boniface Church was erected, parishioners and others conducted a fund-raising campaign to obtain money to erect a bell tower to house the old bells. The fund campaign was successful and the new bell tower was dedicated in September of 1977. Beginning at about Thanksgiving of 1977, the bells began to ring according to their old schedule, each 15 minutes throughout the day. The present complaint was filed on January 16, 1978. About a week later, the church discontinued ringing the bells between the hours of 11:00 p.m. and 7:00 a.m.

A representative of the Department of Environmental Resources measured the volume of the sound on the ground at a distance of approximately 40 feet from the bells; that is, a location outside the building where plaintiff Slattery resides and slightly closer to the bells. The decibel reading was between 85 and 92. No decibel reading was made outside the apartments of the interveners Lynch or Smith; however a decibel reading was obtained at a location of about 200 feet west of the bells, the result of which was a range of 76 to 78 decibels. For

618

comparison purposes, heavy factory work would produce a decibel reading of 85 to 90. A vacuum cleaner in a home could be as high as 85 decibels. A tractor trailer passing by at a distance of 50 feet would give a reading of approximately 80 decibels or a reading up to 90 decibels when starting out at an intersection. The court, in the presence of attorneys for both parties, conducted a view following the hearing. We stood in the parking lot between the bell tower and the apartment building where the Lynch's and Ms. Slattery live.* The bell ringing which we listened to was at noon which is apparently as long as any of the ringings during the day. The noise was not a clanging as described in the complaint, but rather a pleasant sound. While it was loud enough that the court and the two attorneys did not talk during the first part of the ringing, the attorneys did resume the conversation as the ringing proceeded, raising their voices slightly in order to do so.

Given the fact that defendant church has represented that it will no longer ring the bells between 11:00 p.m. and 7:00 a.m., we do not consider that there has been a showing that plaintiffs will suffer any immediate or irreparable harm if the court denies the request for an injunction preliminary to the trial scheduled for March 21, 1978.

## DECREE

And now, February 6, 1978, it appearing that defendant church has stopped ring the bells during

---

*Plaintiffs may be the victims of a certain degree of divine intervention with respect to the timing of the view as there was a covering of snow on the ground and it was snowing at the time, and we acknowledge that this could conceivably have had a muffling effect on the noise.

the hours of 11:00 p.m. to 7:00 a.m. and the court having found that no immediate or irreparable harm will be suffered by plaintiffs if the preliminary injunction is denied, it is hereby ordered and decreed that the preliminary injunction sought by the plaintiffs is denied. The final hearing on the action is scheduled for 8:30 a.m. March 21, 1978.